1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11                                  )
     ZACKS & UTRECHT, P.C.,         )
12                                  )        No. C 10-1739 BZ
                                    )
13            Plaintiff(s),         )
                                    )
14        v.                        )        **ORDER GRANTING MOTION**
                                    )        **TO SET ASIDE DEFAULT**
15   LATRELL SPREWELL,              )
                                    )
16                                  )
              Defendant(s).         )
17                                  )
     _____ )
18

19        This Court is required to consider three factors in

20   deciding whether there is good cause to vacate an entry of

21   default: (1) Whether plaintiff will be prejudiced if the

22   default is vacated; (2) whether defendant has a meritorious

23   defense; (3) whether defendant's culpable conduct lead to the

24   default.  TCI Group Life Ins. Plan v. Knobber, 244 F.3d 691,

25   696 (9 Cir. 2001).  See also Franchise Holding II, LLC. v.

26   Huntington Restaurants Group, Inc., 375 F.3d 922, 925-6 (9

27   Cir. 2004) (Factors may be considered in disjunctive).

28        Here there is no question that defendant's culpable

                                     1

conduct led to the entry of the default.  Counsel for defendant, who removed this action to federal court, "inadvertently failed" to file an answer.  Default was entered about a month and a half after the case was removed and more than a month after the answer was due.  No explanation is given for the inadvertence.  Counsel argues that "he forgot" but this appears in no declaration.  Counsel fails to allege facts sufficient to show excusable neglect.

Shortly after the default was entered, defendant, a resident of Wisconsin, participated in an unsuccessful mediation in San Francisco.  Plainly, defendant is not ignoring this suit.  Absent other factors, the Court is reluctant to dispose of a contested action without reaching the merits when the fault is not that of the defendant, but that of his counsel.  It is preferable, wherever possible, to allow cases to be resolved on the merits. Pena v. Seguros La Comercial,S.A., 770 F.2d 811, 814 (9th Cir. 1985).

Although counsel failed to provide sufficient facts to demonstrate a meritorious defense in his moving papers, some facts supporting a claimed defense of attorney malpractice were articulated during oral argument.

Finally, setting aside the default will result in minimal prejudice to the plaintiff.  The default was taken after the answer was about a month overdue and defendant has participated in an unsuccessful mediation.

Accordingly, Defendant's motion to set aside default is **GRANTED**, on condition that defendant pay to plaintiff reasonable attorney's fees and costs for having the default

entered.  Plaintiff shall provide defendant with an itemized declaration of fees and costs, which shall be paid within 10 days unless contested.  Defendant shall file proof of payment along with his amended answer.  A status conference to set a trail date is scheduled for **March 21, 2011 at 4:00 p.m.,** in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.  A **joint** statement containing a proposed trial scheduled is due **March 14, 2011.**

Dated: February 22, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

g:\bzall\-bzcases\Zacks & Utrech v. Sprewell\Order Granting Mot. To Set Aside default.wpd