UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ZACKS & UTRECHT, P.C., <br><br> Plaintiff(s), <br><br> v. <br><br> LATRELL SPREWELL, <br><br> Defendant(s). | No. C 10-1739 BZ <br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

In this action, plaintiff Zacks & Utrecht, P.C., a law firm, is suing defendant Latrell Sprewell for unpaid legal fees and for costs advanced by the firm.[1]  The trial was held on September 26, 2011.  Paul Utrecht, Esq. appeared for the plaintiff and Vernon Goins, Esq. appeared for the defendant.  Sprewell did not appear and presented no testimony on his behalf.  Defendant did proffer exhibits which were introduced

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1 without objection.  Having considered and weighed all the
2 evidence and having assessed the credibility of the only
3 witness, I now make these findings of fact and conclusions of
4 law as required by FRCP § 52(a).
5      1.   Plaintiff is a professional legal corporation which,
6 together with its predecessor firms, has represented defendant
7 Latrell Sprewell in various legal matters from approximately
8 1998 to mid-2008.
9      2.   The present dispute arises out of plaintiff's
10 representation of Sprewell in a lawsuit entitled
11 <u>Sprewell v. Jurjevic, et al.</u>, filed in Alameda County Superior
12 Court on March 3, 2006.  In that action, Sprewell was seeking
13 to be indemnified for a judgment entered against him in an
14 earlier action entitled <u>Rahimi v. Sprewell</u>, which was entered
15 on December 23, 2005 in Alameda County Superior Court.  In
16 <u>Rahimi</u>, the purchaser of Sprewell's home had sued him for
17 failing to disclose certain alleged defects.  Plaintiff
18 represented Sprewell in <u>Rahimi</u> which resulted in an
19 arbitrator's award against Sprewell that was confirmed by the
20 Alameda County Superior Court.  In the <u>Jurjevic</u> litigation,
21 Sprewell sought indemnity from that judgment from the brokers
22 who had represented him in connection with the underlying
23 sale.
24      3.   There have been prior written fee agreements between
25 the parties.  Plaintiff sent defendant a written fee agreement
26 for the <u>Jurjevic</u> litigation but Sprewell did not sign it.  He
27 did however advise plaintiff that he would not agree to
28 plaintiff handling the <u>Jurjevic</u> litigation on a contingency

2

basis.

4. The billing history between the parties is that defendant was generally late in paying bills but ultimately would bring his account current. In the Jurjevic matter defendant paid plaintiff's bills through February 2007. While he did not pay the subsequent bills, neither did he complain that the amount of time spent or the rates billed were unreasonable.

5. The total amount of unpaid fees and costs is $92,649.21, which includes $9,076.21 in costs. Defendant has paid no amount of these fees though they were regularly invoiced and sent to him or his agent.

6. Plaintiff represented defendant in the Jurjevic litigation until July 2008, when defendant replaced plaintiff with Vernon Goins. Goins ultimately obtained a substantial verdict for defendant that was recently overturned by the Court of Appeal which ordered a new trial.

7. Paul Utrecht, the senior lawyer on the Jurjevic litigation, personally supervised all of the associates who worked on the matter. Utrecht reviewed each monthly bill that was prepared by his staff and satisfied himself that the time billed was reasonable for the work done. Defendant did not challenge any particular time entries as being unreasonable and did not present any evidence that the rates he was charged were not reasonable. Based on Utrecht's testimony about his knowledge of prevailing billing rates and my own knowledge gained in part from years of ruling on attorneys' fees motions and determining reasonable rates, I find that the rates

1  plaintiff billed Sprewell were reasonable considering the
2  nature of the work and the level of experience of the lawyers
3  involved.

4     8.  Under cross-examination, Utrecht admitted that he did
5  not include a cause of action for contractual indemnity in the
6  <u>Jurjevic</u> complaint because he did not believe that there was
7  any basis for doing so.  The contract between Sprewell and the
8  brokers contains a contractual indemnity provision but it runs
9  only in favor of the brokers.  See <u>Sprewell v. Jurjevic</u>, 2011
10 WL 1260430, at * 18-19 (Cal.App. 1. Dist.)

11    9.  Under cross-examination, Utrecht admitted that he had
12 not taken any depositions in the <u>Jurjevic</u> matter prior to the
13 close of discovery.  This was because he had deposed all of
14 the witnesses that he considered important in the <u>Rahimi</u>
15 matter, including Jurjevic and Kristjanson, the defendant
16 brokers who had represented Sprewell, and was satisfied that
17 he knew what their testimony would be and if they testified
18 inconsistently, he could use the <u>Rahimi</u> depositions to impeach
19 them.

20    10. Although there was no written fee agreement for the
21 <u>Jurjevic</u> litigation, given their ongoing relationship and the
22 fact that plaintiff had represented defendant in the <u>Rahimi</u>
23 litigation, of which the <u>Jurjevic</u> litigation was an outgrowth,
24 under California Business and Professions Code § 6148(d)(2),
25 plaintiff is entitled to a reasonable fee for its services
26 because they were of the same general kind as previously
27 rendered to and paid for by the client.  Cal. Bus. & Prof.
28 Code § 6148(d)(2) (no written fee agreement necessary where

1  "An arrangement as to the fee implied by the fact that the
2  attorney's services are of the same general kind as previously
3  rendered to and paid for by the client.").

4  　　11.  Defendant argued that a number of plaintiff's
5  actions constituted malpractice.  Defendant did not file a
6  legal malpractice counterclaim and has provided no authority
7  for the proposition that legal malpractice is a defense to a
8  claim for unpaid fees.  To prove legal malpractice under
9  California law, a plaintiff must demonstrate that (1) the
10 attorney had the duty to exercise care, prudence, and
11 diligence that such members of the professional community
12 exercise, (2) a breach of that duty, (3) causation, and (4)
13 actual loss or damage resulting from the breach of that duty.
14 Budd v. Nixen, 6 Cal. 3d 195 (1971).  Even assuming that legal
15 malpractice could be a defense in the sense that no fee is
16 reasonable for work that fell below the standard of care, I
17 agree with plaintiff and find that defendant has not met his
18 burden of establishing that anything plaintiff did fell below
19 the standard of care expected of an attorney.  Defendant's
20 professional malpractice claim rests only the opaque
21 assertions that plaintiff's conduct fell below the standard of
22 care when plaintiff did not file a cross-complaint for
23 indemnity in the Rahimi matter because that "tactical
24 decision" was "unduly risky" and resulted in additional costs
25 and expenses.  (Def.'s Suppl. Trial Brief p.3.)

26 　　12.  I also agree with Utrecht that the indemnity
27 agreement between defendant and the brokers runs only in their
28 favor.  I therefore find that it was not malpractice for

5

plaintiff to have failed to assert a claim for contractual indemnity.

  13. I further agree with Utrecht that he could have used the Rahimi depositions in the manner he proposed. Cal. Evid. Code § 1235. In any event, defendant produced no testimony in support of his claim that these and similar acts of plaintiff fell below the standard of care or caused him any harm. Goins advised the court that he had recovered a substantial jury verdict on defendant's behalf so it does not appear that any of the claimed acts of malpractice hindered defendant's prosecution of the Jurjevic action. Thus, even assuming Utrich did act negligently, none of defendant's evidence demonstrates that, but for Utrich's negligence, plaintiff would have received a better result or a larger recovery. See Barnard v. Langer, 109 Cal. App. 4th 1453, 1462 (2003) (denying negligence claim where plaintiff failed to show that if defendant had taken a different approach to lawsuit, a better outcome would have resulted).

  14. Plaintiff is entitled to recover $92,649.21 as the reasonable value of the services that plaintiff provided defendant in the Jurjevic litigation for which plaintiff was not paid.

  15. Plaintiff is also entitled to recover prejudgment interest at the rate of 7% per annum.

  16. Defendant has failed to establish that plaintiff's conduct in the Jurjevic litigation fell below the standard of care.

  17. In view of this result, I do not analyze all of the

common counts alleged by plaintiff.  I note that some of the common counts seem inconsistent with Cal. Bus. & Prof. Code § 6148(D)(2).  For example, plaintiff does not explain why it would be entitled to recover an account stated if the amount stated was not a reasonable fee.

**IT IS THEREFORE ORDERED** that judgment be entered in favor of plaintiff in the amount of $92,649.21 plus prejudgment interest at the rate of 7% per annum and postjudgment interest and costs as permitted by law.

Dated: October 19, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ZACKS & UTRECH V. SPREWELL\FINDINGS OF FACT AND CONCLUSIONS OF LAW.wpd

7